UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THADDYEUS AARON DIXON, SR., ET AL | CIVIL DOCKET NO. 1:18-CV-00133 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| KEATON A. SPURLIN, ET AL | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is Defendant, FCA US LLC's ("FCA") MOTION IN LIMINE (the "Motion") requesting the exclusion from trial of any "bodycam" footage captured by law enforcement officers responding to the scene of the accident. [Doc. 56].

At the pretrial conference held on May 14, 2021, the Court, in its consideration of the instant Motion, inquired into the relevancy of the bodycam footage to the claims asserted by Plaintiffs. In response, Plaintiffs' counsel maintained that the bodycam footage was relevant to Plaintiffs' claim for bystander damages under Louisiana Civil Code Article 2315.6 ("Article 2315.6"), which authorizes certain "persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter [to] recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury." Following this exchange, the Court instructed counsel that it would conduct an *in camera* review of the relevant video footage before issuing its ruling. The Court has now reviewed the bodycam footage, the claims at issue, and applicable law. Because Plaintiffs' "bystander" claims under Article 2315.6 have previously been dismissed, the Court GRANTS the Motion and

excludes the bodycam videos from trial pursuant to Rule 403 of the Federal Rules of Evidence.

Under Louisiana law, the Louisiana Products Liability Act (LPLA) "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. Rev. Stat. Ann. § 9:2800.52. Claimants "may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." *Id*. In applying these provisions, federal courts in Louisiana have consistently precluded recovery of emotional distress damages under Article 2315.6 in LPLA cases. *See, e.g., Thibodeaux-Billodeaux v. Ethicon Inc.,* 2:20-CV-00110, 2020 WL 557724, at *2 (W.D. La. Feb. 3, 2020) (dismissing negligent infliction of emotional distress claim in an LPLA action "[b]ecause the LPLA provided the exclusive remedies against a manufacturer of an allegedly defective product"); *Donald v. AstraZeneca Pharmaceuticals* LP, CV 16-17753, 2017 WL 1079186, at *1 (E.D. La. Mar. 22, 2017) (dismissing claim for negligent infliction of emotional distress based on the LPLA's exclusivity provision); *Ivory v. Pfizer Inc.*, CIV.A.09-0072, 2009 WL 3230611, at *7 (W.D. La. Sept. 30, 2009) ("[T]he LPLA does not allow recovery of damages for negligent intentional of emotional distress."); *Maurice v. Eli Lilly & Co.*, CIV.A. 04-3105, 2005 WL 3542902, at *5 (E.D. La. Nov. 7, 2005) (dismissing plaintiffs' claims of negligent infliction of emotional distress under Article 2315.6 based on the LPLA's exclusivity provision); *Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 763 (W.D. La. 2000), *aff'd*, 243 F.3d 200 (5th Cir. 2001) (holding that various non-LPLA claims, including negligent infliction of emotional distress, "are all well outside the scope of the LPLA and must be dismissed").

Prior to this matter's reassignment to the undersigned, Judge Dee D. Drell adopted the portion of the Magistrate Judge's Report and Recommendation [Doc. 98] dismissing Plaintiffs' non-LPLA claims against FCA pursuant to a Rule 12(b)(6) motion. [Doc. 103]. Judge Drell's Order is properly read as dismissing Plaintiffs' claims brought pursuant to Article 2315.6 (though the parties thereafter continued to litigate this matter as if the Plaintiffs' claims for negligent infliction of emotional distress were viable).[1]

Given the nature of this case, the LPLA precludes Plaintiffs from recovering under Article 2315.6, and the Court reaffirms its dismissal of Plaintiffs' claim for negligent infliction of emotional distress.[2] Any relevance the bodycam footage has to

---

[1] FCA likewise failed to challenge the legal viability of Plaintiffs' Article 2315.6 damages claims based on the exclusivity provision of the LPLA in its MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' BYSTANDER DAMAGES CLAIMS [Doc. 209], despite extensive caselaw precluding such claims in products liability cases. Likewise, when the Court requested briefing from the parties on the LPLA's exclusivity provision as it relates to Article 2315.6 claims, counsel for FCA – despite the unambiguous text of the LPLA, the jurisprudence cited herein, and the fact that both the LPLA and Article 2315.6 were enacted into law approximately 30 years ago – shared his opinion that, "[t]he omission of La. CC art 2315.6 [from the LPLA] is likely a function of chronology," in support of his position that claims under Article 2315.6 "fall within the scope of the LPLA." [Doc. 301]. The Court disagrees.

[2] Plaintiffs urge the Court to treat a claim for negligent infliction of emotional distress differently from a claim for bystander damages under Article 2315.6. However, Louisiana and related federal jurisprudence uniformly treat these claims as interchangeable. *See Trahan v. McManus*, 728 So.2d 1273 (La. 1999); *Damond v. Craft*, 538 Fed. App'x. 553 (5th Cir. 2013); *Ivory v. Pfizer Inc.*, CIV.A.09-0072, 2009 WL 3230611, at *1 (W.D. La. Sept. 30, 2009). Indeed, the Louisiana Supreme Court first recognized a claim for negligent infliction of emotional distress in *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559 (La. 1990) ("A duty does exist to protect a plaintiff from mental anguish damages occasioned by the negligent infliction of injury to a third person."). The Louisiana Legislature then codified the *Lejeune* holding in Article 2315.6, which all parties agree is the source of Plaintiffs' claim for bystander damages. *See Trahan v. McManus*, 728 So.2d 1273, 1278 (La. 1999) ("[T]he Legislature codified the *Lejeune* decision by enacting La. Civ. Code art. 2315.6…").

the remainder of Plaintiffs' claims is outweighed by its potential for unfairly prejudicing the jury.

Accordingly, IT IS HEREBY ORDERED that the MOTION IN LIMINE is GRANTED and all bodycam footage from the accident is excluded as evidence in the trial of this matter.

THUS, DONE AND SIGNED in Chambers on this 1st day of June 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE